UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORASTINE HEAGLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.; CLEAR RECON CORP.; and DOES 1-10, Inclusive,<br><br>　　　　Defendants. | No.  2:16-cv-01963-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Orastine Heagler filed this action against Wells Fargo Bank ("Defendant")[1] alleging negligent misrepresentation, negligence in the handling of her loan modification application, and violations of two provisions of California's Homeowner Bill of Rights ("HBOR").  Before the Court is Defendant's Motion to Dismiss ("Motion") each claim pursuant to Federal Rule of Civil Procedure 12(b)(6), primarily on the grounds that each claim is preempted by the Home Owner's Loan Act ("HOLA").[2]  Defs.' Mot., ECF No. 3,

---

[1] Clear Recon Corporation ("CRC") is listed as a defendant. Compl., ECF No. 1-1, at 1:3–25. Defendant argues that CRC is a nominal defendant and was fraudulently joined. Removal Notice, ECF No. 1, at 4:5–6:3; 5:4–7:28. Additionally, CRC attests to its non-monetary status in this matter. Removal Notice, Ex. B, Recon Decl., ECF No. 1-1, at 37–38. Plaintiff does not oppose these contentions. Thus, the Court finds that CRC is a nominal defendant in the present lawsuit.

[2] Defendant argues for dismissal on various additional grounds but as discussed below, because the Court finds that Plaintiff's claims are preempted, the Court does not address Defendant's additional grounds for relief.

1

at 1–2. For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED.[3]

## REQUEST FOR JUDICIAL NOTICE

Defendant submits a Request for Judicial Notice ("RJN"), ECF No. 3-1, in support of its motion. Many of the documents explain how Defendant became the successor-in-interest to World Savings Bank ("WSB") federal savings bank ("FSB"), later renamed Wachovia Mortgage ("Wachovia") FSB, through a sequence of mergers and acquisitions. Plaintiff does not oppose these requests. The Court may take judicial notice of documents in the public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002); see also Fed. R. Evid. 201(b). Therefore, the Court GRANTS Defendant's RJN.

## BACKGROUND[4]

Plaintiff owns the residence at 4689 Windsong Street, Sacramento, California ("Subject Property"). Defendant services Plaintiff's loan on the Subject Property and is the beneficiary under the relevant Deed of Trust securing the loan.

In March 2006, Plaintiff and her now late husband refinanced their loan with WSB.[5] Since refinancing, Plaintiff received two loan modifications: first with Wachovia in June 2009 (RJN, Ex. C, ECF No. 3-2, at 1–2), and then a Home Affordable Modification Program ("HAMP") agreement with Wells Fargo in August 2011. RJN, Ex. D, ECF

---

[3] Because oral argument was determined to not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[4] Unless otherwise noted, the following of recitation of facts is taken, sometimes verbatim, from the allegations contained in Plaintiff's Complaint. ECF No. 1-1.

[5] WSB subsequently changed its named Wachovia, which was later acquired by Defendant. See Def.'s RJN, Ex. A, ECF No. 3-2.

No. 3-2, at 1–2.  Plaintiff experienced financial difficulties after her husband died, and started missing mortgage payments on January 1, 2014.  Plaintiff notified Defendant of her husband's passing, and expressed concerns about her financial situation.  Nevertheless, a Notice of Default was recorded on the Subject Property on November 18, 2015.  RJN, Ex. E, ECF No. 3-2, at 1; Compl. ¶ 13.  In January 2016, Defendant allegedly verbally "invited" Plaintiff to submit a loan modification application.  Plaintiff then submitted loan modification documents to Defendant, but alleges that Defendant refused to acknowledge receipt.  On February 29, 2016, Defendant recorded a Notice of Trustee's Sale, setting March 24, 2016 as the sale date.  RJN, Ex. F, ECF No. 3-2, at 1; Compl. ¶ 16.

Plaintiff provides that during this time, she also sought assistance from Keep Your Home California ("KYHC").  Plaintiff claims that on March 9, 2016, KYHC granted her an award of approximately $81,000 to bring her loan out of arrears, but Plaintiff was allegedly advised by Defendant of its internal policy prohibiting consideration of both a loan modification request and a request for KYHC funds simultaneously.  Plaintiff claims that she closed her loan modification application to seek Defendant's approval for the KYHC funds, but that Defendant afterwards refused to accept the KYHC funds without explanation.[6]  Nevertheless, Defendant supposedly postponed the March 24 Trustee Sale to conduct an evaluation of Plaintiff's loan modification application.  Soon thereafter, Plaintiff received a letter from Defendant, dated March 28, 2016, inviting her to submit a new loan modification application.  Plaintiff claims that she promptly submitted the new application, but on April 18, 2016, Defendant informed Plaintiff that additional documents were still required.  Plaintiff submitted the requested documents and completed her application.

///

---

[6] While Plaintiff asserts that KYHC notified her of the award on March 9, 2016 (Compl. ¶ 39), and that Defendant sometime thereafter refused these funds (Compl. ¶ 48), she later provides conflicting dates concerning this occurrence.  See Compl. ¶ 68 ("After the fall-out from the KYHC funds in late 2015, Defendants recorded a Notice of Default on November 18, 2015") (emphasis added).

Thereafter, Plaintiff received a letter from Defendant, dated April 28, 2016, denying her request for a third loan modification because of her previous modifications, and because her gross monthly income was inadequate. RJN, Ex. G, ECF No. 3-2, at 1; Compl. ¶ 28; Pl.'s Opp., ECF No. 4, at 4:11–15. Yet Plaintiff claims that in May or June 2016, members of her family moved into the Subject Property, which provided her additional income. She also claims that after contacting Defendant to request reevaluation of her application, she was told to submit documents from the non-borrower contributors. Plaintiff submitted these additional documents on July 5, 2016, two days before the newly scheduled July 7 Trustee Sale was set to commence. Plaintiff claims that she immediately attempted to confirm receipt of the recently submitted documents, but to no avail, and on July 7, 2016, she filed an emergency Bankruptcy petition with the Eastern District of California Bankruptcy Court.

During a July 13, 2016 follow-up phone call, Defendant allegedly told Plaintiff that her loan modification application had been closed at her husband's request, however, Plaintiff's husband had been deceased for several years at the time. Plaintiff subsequently filed the present lawsuit in the Sacramento County Superior Court on July 18, 2016, and Defendant removed the action to this Court on August 18, 2016.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

With the passage of HOLA, Congress gave the Office of Thrift Supervision ("OTS") authority to regulate thrifts. Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008). With this authority, OTS published a preemption regulation, Code of Federal Regulations Section 560.2 ("§ 560.2"), which provides, inter alia, that "OTS hereby occupies the entire field of lending regulation for [federal savings banks, i.e., FSBs]." 12 C.F.R. § 560.2(a); see also Silvas, 514 F.3d at 1005. In Silvas, the Ninth Circuit adopted OTS's analysis for determining whether HOLA preempted a state law pursuant to § 560.2. Silvas, 514 F.3d at 1005. The court provided:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

///

Silvas, 514 F.3d at 1005 (emphasis added) (citing OTS, Final Rule, 61 Fed. Reg. 50951, 50966–67 (Sept. 30, 1996)).

The Court first considers whether HOLA, and thus the provisions of § 560.2, apply to Plaintiff's loan in the present matter. If it does, the Court then must consider how HOLA preemption impacts her claims.

### A. HOLA Preemption Applies to Plaintiff's Loan

Under § 560.2, HOLA serves to regulate the field of lending regulation for FSB's only. Plaintiff therefore contends that as a non-FSB, Defendant cannot use HOLA as a shield simply because it acquired her loan that originated with an FSB. Pl.'s Opp. 6:22-11:3. Defendant counters that HOLA preemption runs with the loan, and therefore all of Plaintiff's causes of action are preempted. Defs.' Mot., ECF No. 3, at 1–2. As explained below, Defendant has the better argument.

Plaintiff's position is not unfounded. There is a distinct split between courts confronted with the question of whether HOLA preemption attaches to the loan—and thus travels with the loan in the event of a merger or acquisition—or if it attaches only to the lender, and thus does not continue to protect successors to the FSB. See Vargas v. Wells Fargo Bank, N.A., No. SACV 15-0844 JVS (JPRx), 2015 U.S. Dist. LEXIS 113283, at *20 (C.D. Cal. Aug. 17, 2015) (discussing how district courts have reached opposite conclusions regarding HOLA preemption when considering similar circumstances). The court in Chavez v. Wells Fargo Bank, N.A. faced a situation similar to the present matter. No. CV 16-1402 PA (PLAx), 2016 U.S. Dist. LEXIS 86850, at *12–13 (C.D. Cal. July 5, 2016). There, the plaintiff also contended that Wells Fargo was not subject to HOLA preemption for a loan it acquired from WSB. Id. at *12. The Chavez court recognized that "some courts have concluded that HOLA preemption does not apply to successor lenders . . . ," but ultimately held that "the better reasoned approach . . . is that HOLA preemption follows the loan . . . ." Chavez, 2016 U.S. Dist. LEXIS 86850 at *12.

This Court finds Chavez's analysis persuasive, and finds that HOLA preemption attaches to the loan. See Castillo v. Wells Fargo Bank, N.A., No. CV 16-1475-GW(SSx),

7

2016 U.S. Dist. LEXIS 64054, at *8 n.3 (C.D. Cal. May 12, 2016) ("The Court agrees that HOLA applies to Wells [Fargo] here, notwithstanding that it is not a 'federal savings association' itself . . . ."); Poyorena v. Wells Fargo Bank, N.A., No. CV 14-683 GAF (Ex), 2014 U.S. Dist. LEXIS 49319, at *15–16 (C.D. Cal. Apr. 3, 2014) ("[P]rotections offered by HOLA may be transferred from one bank to another . . . . [T]he preemptive power of HOLA attaches to a loan, and continues with that loan throughout its lifetime."); Vargas, 2015 U.S. Dist. LEXIS 113283, at *14; see also Villareal v. Seneca Mortg. Servs., No. 1:14-cv-02033-MCE-GSA, 2015 U.S. Dist. LEXIS 64868, at *16-17 (E.D. Cal. May 16, 2015) (finding the protection of HOLA preemption travels with the loan, rather than the lender).

### B. Each of Plaintiff's Claims Are Preempted by HOLA

As Plaintiff's loan remains subject to HOLA preemption, the Court now turns to its impact on her specific claims. Plaintiff seeks relief by way of four California state law claims: (1) negligent misrepresentation; (2) negligence; (3) violation of Section 2923.6(c) of California's HBOR; and (4) violation of Section 2923.7 of HBOR.[7] For the reasons set forth below, each of these claims is preempted.

The Court first looks to § 560.2(b) to determine if the type of state law in question is listed. Silvas, 514 F.3d at 1005. Section 560.2(b)(10) provides that state laws concerning "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages" are preempted. Plaintiff's claims under HBOR pertain to the processing and servicing of a mortgage, and thus fall under HOLA preemption. See Duran v. World Sav. Bank, FSB, No. CV 16-01938 SJO (GJSx), 2016 U.S. Dist. LEXIS 67280, at *11 (C.D. Cal. Apr. 29, 2016) (finding that §§ 2923.6 and 2923.7 of HBOR are "preempted by HOLA because this section invokes a claim arising from the processing

---

[7] See Cal. Civ. Code § 2923.6(c) (Providing "[i]f a borrower submits a complete application for a first lien loan . . . the borrower's mortgage servicer. . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending."); Cal. Civ. Code § 2923.7(a) (Providing "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.")

and servicing of mortgages"); see also Villareal v. Seneca Mortg. Servs., No. 1:14-cv-02033-MCE-GSA, 2015 U.S. Dist. LEXIS 64868, at *16-17 (E.D. Cal. May 16, 2015).

Plaintiff's negligence-based claims, on the other hand, arise out of state laws of general applicability, and are thus not listed within § 560.2(b).  Still, the Court "cannot look merely to [the] abstract nature" of the claims, and must instead "consider the functional effect upon lending operations of maintaining the cause of action."  Vargas, 2015 U.S. Dist. LEXIS 113283, at *16-17 (internal citations and quotations omitted); see also Villareal, 2015 U.S. Dist. LEXIS 64868, at *14-15 ("If a state law does not fall within the list of proscribed areas, the court must determine whether the law affects lending . . .") (internal citations and quotations omitted).  Thus, the relevant inquiry is whether Plaintiff's negligence causes of action "affect lending" such that they are preempted by HOLA.  The Court finds that they do.

Here, Plaintiff's negligence-based claims arise out of Defendant's alleged mishandling of her loan modification requests.  "[W]hen a negligent misrepresentation claim, as applied, would impose heightened requirements on lenders, most district courts have concluded that it is preempted."  Lewis v. Wells Fargo Bank, N.A., No. LA CV15-03962 JAK (GJSx), 2015 U.S. Dist. LEXIS 175151, at *15 (C.D. Cal. Dec. 23, 2015).  The Court agrees with the majority of district courts and finds that negligence claims arising out the processing of a loan modification "affect lending," and are therefore preempted by HOLA.  See Poyorena v. Wells Fargo Bank, N.A., No. CV 14-683 GAF (Ex), 2014 U.S. Dist. LEXIS 49319, at *16-18 (C.D. Cal. Apr. 3, 2014) ("While Plaintiff's claims are of general applicability, claims for negligence arising out of loan modifications plainly fall within the scope of [§ 560.2(b)]."); Villareal, 2015 U.S. Dist. LEXIS 64868, at *18.

///

///

///

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss, ECF No. 3, is GRANTED. Because the Court finds that each of Plaintiff's claims are preempted by HOLA, granting leave to amend would be futile, and, consequently, Plaintiff's claims are DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated: March 30, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE